FILED - GR
December 4, 2017 1:17 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns / ____ SCANNED BY [handwritten initials] 12/5/17

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME M. HAILEY., MDOC No. 575198,

Plaintiff,

1:17-cv-01067

Honorable: Janet T. Neff - U.S. District Judge
Case No.: Ellen S. Carmody - U.S. Magistrate Judge

-v-

HEIDI WASHINGTON, DIRECTOR, DEWAYNE BURTON, WARDEN, INSPECTOR BLACKMON, GRIEVANCE COORDINATOR N. LAKE, ADMINISTRATIVE GRIEVANCE COORDINATOR RICHARD RUSSELL, C/O CRAWFORD, C/O SMITH, SERGEANT WHITINIGER, LT. JONES, SGT. MOORE, ARUS WENGLIKOWSKI, QMHP DR. CIEPLY, et. als.,

Defendant(s).
Jointly and severely.

________________________________________/

MR. BILL SCHUETTE, Attorney General,
STATE OF MICHIGAN
G. MENNEN WILLIAMS BUILDING
P.O. Box 30212
Lansing, Michigan 48909

RE: ATTORNEY-FOR-DEFENDANTS.

________________________________________/

## COMPLAINT AND JURY DEMAND

Plaintiff, JEROME M. HAILEY, acting In Propria Persona, and hereby complaints as follows:

1. At all relevant times hereto, Plaintiff, Jerome M. Hailey, was incarcerated under the jurisdiction of the Michigan Department of Corrections ("MDOC" hereinafter), and being as such, was/is housed at the Richard Handlon Correctional Facility, located at 1728 West Bluewater Highway, Ionia, Michigan 48846;

2. The acts and omissions alleged herein, and the original injury,

which preceded the acts and omissions alleged herein, occurred in the City of Ionia, Ionia County, Michigan;

3. Defendant Warden DeWayne Burton, at all relevant times hereto, was employed by the "MDOC", assigned to the Richard Handlon Correctional Facility, and held a statutory duty to ensure that all departmental rules, regulations, policies and procedures were being enforced and followed, in pursuant to the applicable standards set forth within Administrative Rule-791.2205(1).

4. Defendant Inspector Blackmon, at all relevant times hereto, was employed by the "MDOC", assigned to the Richard Handlon Correctional Facility, and held a statutory duty under his employment titled, of investigating reported incidents of bothe staff and prisoner misconducts that may be criminal in nature, and/or impose a threat to the safety and security of the facility.

5. Defendant Grievance Coordinator N. Lake, at all relevant times hereto, was employed by the "MDOC", assigned to the Richard Handlon Correctional Facility, and held a duty of ensuring that Departmental Policy Directive-03.02.130-"Prisoner/Parolee Grievances" was being enforced and adhered by bothe staff and prisoners.

6. Defendant C/O (i.e. Correctional Officer) Crawford, at all relevant times hereto, was employed by the "MDOC", assigned to the Richard Correctional Facility, and held a statutory duty of ensuring the safety and security of both staff and prisoners, as well as, adhering to, while enforcing "MDOC" rules, regulations, policies and procedures.

7. Defendant C/O (i.e. Correctional Officer) Smith, at all relevant times hereto, was employed by the "MDOC", assigned to the Richard Handlon Correctional Facility, and held a statutory duty of ensuring the safety and security of both staff and prisoners, as well as, adhering to, while enforcing "MDOC" rules, regulations, policies and procedures.

8. Defendant Sergeant Whitiniger, at all relevant times hereto, was employed by the "MDOC", assigned to the Richard Handlon Correctional Facility, and held a statutory duty of ensuring the safety and security of both staff, and prisoners, as well as, supervising subordinate officers.

9. Defendant Sergeant Moore, at all relevant times hereto, was emplyed by the "MDOC", asigned to the Richard Handlon Correctional Facility, and held a statutory duty of ensuring the safety and security of both staff and prisoners, as well as, supervising subordinate officers.

10. Defendant Lieuteant Jones, at all relevant times hereto, was employed by the "MDOC", assigned to the Richard Handlon Correctional Facility, and held a statutory duty of ensuring the safety and security of both staff and prisoners, as well as, supervising subordinate officers.

11. Defendant Richard Russell, at all relevant times hereto, was employed by the "MDOC", and as Administrative Grievance Coordinator, was assigned to the Grandview Plaza Building, headquarters for the "MDOC", located within Lansing, Michigan, and as such held a statutory duty of ensuring that subordinate staff, as well as, prisoners adhered to the parameters outlined within Departmental Policy Directive-03.02.130-"Prisoner/Parolee Grievances".

12. Defendant Heidi Washington, at all relevant times hereto, was employed by the "MDOC", and as Director, was assigned to the Grandview Plaza Building, headquarters for the "MDOC", located within Lansing, Michigan.

and held a statutory duty of ensuring compliance with the rules, regulations, policies and procedures of the "MDOC", while serving within supreme supervisory authority over the aforementioned individual correctional officials.

13. Defendant Dr. Cieply, at all relevant times hereto, was employed by proxy of the Community Mental Commission via the "MDOC", and was assigned as the Residential Treatment Program Unit Chief, at the Richard Handlon Correctional Facility, and owed Plaintiff a duty of providing a continuum of mental health care treatment consistent with the applicable statutory mandates set forth within Departmental Policy Directive-04.06.180-"Mental Health".

14. Defendant CPC Heard, at all relevant times hereto, was employed by the "MDOC", assigned to the Richard Handlon Correctional Facility, and owed Plaintiff a duty of fair and equal treatment, in accordance within Departmental Policy Directive-03.02.130-"Prisoner/Parolee Grievances" (Policy Statement Section).

## JURISDICTION AND VENUE

15. This suit is brought pursuant to 42 U.S.C. ß 1983, involving violations of the 8th and 14th. Amendments of the United States Constitution.

16. Jurisdiction arises under 28 U.S.C. ß 1331 (federal question), 28 U.S.C. ß 1342 (civil rights) arising from the 8th. Amendment and 42 U.S.C. ß 1983.

17. Venue is proper in the Western District of Michigan, pursuant to 28 U.S.C. ß 1391, as the defendant(s) reside in and the claims arose in the Western District of Michigan.

## FACTUAL ALLEGATIONS

18. According to "MDOC" Policy Directive-03.03.130-"Humane Treatment

& General Living Conditions-for Prisoners" (Policy Statement Section) "Prisoners under the jurisdiction of the Michigan Department of Corrections are entitled to be treated within a dignified and humane manner."

19. The above-cited Departmental Policy Directive is, in fact, consistent with the Federal and State prohibitions against 'Cruel and Unusual Punishment'. See U.S. Const., Amend. VIII;Mich.Const., 1963, art. 1, § 16.

20. Be that as it may, Plaintiff, while assigned to a detailed work assignment within Richard Handlon Correctional Facility Food Services, suffered constant harassment by Defendant Crawford, contrary to the above-cited admonishments, throughout the month of February, within the year 2017, resulting within several misconducts being issued.

20. Plaintiff, acting in accordance within Departmental Policy Directive-03.02.130-"Prisoner/Parolee Grievances" paragraph (P), sent an initial complaint directly to Defendant Burton, regarding the actions of C/O Crawford, in which garnered no response.

21. Plaintiff, acting in accordance with Departmental Policy Directive-03.02.130-"Prisoner/Parolee Grievances" paragraph (P) submitted a PREA (e.g. Prison Rape Elimination Act) grievance against Defendant Smith, on the date of May 28, 2017, in which garnered no response until Plaintiff contacted the Sexual Abuse hotline, at which point he was interviewed by Defendant BLackmon.

23. On the date of June 10, 2017, Plaintiff filed a formal complaint, after being charged Five Hundred/62 dollars for the treatment of an alleged self-inflicted injury, wherein he cut his wrist due to the constant harassment, pressure, and degradations suffered him by Defendant(s) Crawford and Smith.

24. Defendant Wenglikowski, at all relevant times hereto, was employed by the "MDOC", assigned to the Richard Handlon Correctional Facility, and served as Hearing Officer, within regards to the aforementioned informal hearing, contrary to Administrative Rule-791.3310 through 791.3315. Defendant Wenglikowski's dual functions as unit Assistant Residential Unit Supervisor (i.e. ARUS), and hearings officer deprived Plaintiff of his "equal protection/due process" procedural rights.

25. On the date of June 12, 2017, Plaintiff filed a formal complaint, within specific regards to Defendant Burton failing to adhere to Administrative Rule-791.2205(1)(e), where Defendant Burton continuously ignored serious complaints regarding Plaintiff being deprived of the right of exhaustion of administrative remedies, citing procedural flaws within the facility grievance process.

26. On the date of June 29, 2017, Plaintiff, while acting within compliance with Departmental Policy Directive-03.02.130-"Prisoner/Parolee Grievances" paragraph (P), Plaintiff submitted a Step I Grievance to Defendant N. Lake within specific regards to his being prevented from exhausting his administrative remedies, contrary to 42 U.S.C. ß 1997e(a).

27. On the date of August 3, 2017, Plaintiff received a Mail Notice regarding the facility being within receipt of a Federal Litigation manual/book that was ordered on his behalf, in which was valued at over One Hundred/00 dollars, the book was ultimately stolen prior to being delivered to Plaintiff, contrary to both Departmental Policy Directive-03.03.105-"Prisoner Discipline", as well as, 18 U.S.C. ß 1702-"Obstruction of Correspondence". At which point Plaintiff submitted

a departmental grievance, in which was assigned Grievance Identifier No. MTU-17-0800-6170-15F.

28. On the date of August 7, 2017, Plaintiff begun to notice that he was being woefully subjected to continued acts of reprisal for invoking his right to seek redress via grievance, and internal complaints, contrary to Departmental Policy Directive-03.02.130-"Prisoner/Parolee Grievances" paragraph (K), where Defendant Crawford blatantly retaliated against Plaintiff for his submitting a grievance against Trinity staff members.

29. On the date of September 18, 2017, Plaintiff filed another formal complaint, in specific regards to an incident dated August 31, 2017, wherein Defendant Crawford made threats towards Plaintiff, within claiming that he (Crawford) could have the Plaintiff placed within segregation. This complaint was assigned Grievance Identifier No. MTU-17-0900-6330-17a.

30. On the date of September 28, 2017, Plaintiff submitted a direct grievance with the Inspector's Office, regarding the retaliatory actions of Defendants Crawford and Smith, and received no response.

31. On the date of October 13, 2017, Defendants Crawford and Smith collectively issue Plaintiff Class II Misconduct infractions, for which Plaintiff was ultimately found not guilty on the date of October 20, 2017.

32. Plaintiff, on the date of October 22, 2017, submitted a formal complaint with the Inspector's Office, within specific regards to Defendant N. Lake failing to act within compliance with Departmental Policy Directive-03.02.130, by refusing to forward Plaintiff's requested Step II Grievance Appeal form (CSJ-247-B). An issue, in which, has continued to plague the

the facility. See Warden's Forum Committee Meeting (minutes), Q & A #7, dated August, 2017.

33. On the date of October 30, 2017, Plaintiff was sexually harassed , while within Health Services, by Defendant Smith, in whom continued within a pattern and practice of harassing the Plaintiff, resulting within Mental Health pyschologist having to switch Plaintiff's medication line times from noon-to-evening, so as to curtail interactions between Plaintiff and Defendant Smith.

34. Defendant Whitiniger, as supervisory level officer, at the Richard Handlon Correctional Facility has directly observed said abuse, and has turned a blind eye, and/or failed to take corrective action. Then, within one specific incident, threatened to have Plaintiff placed within segregation. See Departmental Grievance Identifier No. MTU-17-10007770-17a.

35. Defendant Sergeant Moore, in whom is not Sergeant Whitiniger's immediate supervisor, served as a biased and unfair panoply within the procedural review process, in regards to the above-cited grievance. An issue, in which, further abridged Plaintiff's due process rights.

36. Defendant Lieuteant Jones, completed the biased and unfair panoply within acting as a mere rubber-stamp of Sergeant Moore's denial of said grievance, while knowing that Sergeant Moore was not within a supervisory position to review and evaluate claims regarding Sergeant Whitiniger's work performance. See Departmental Policy Directive-02.03.100-"Employee Discipline" (Policy Statement Section). Thus, Defendants have, by their own acts and omissions, conspired to deprive Plaintiff of his civil rights, privileges and immunities, contrary to 18 U.S.C. § 241 and 242.

COUNT-1
VIOLATION OF FEDERAL CIVIL RIGHTS
EIGHTH AMENDMENT
42 U.S.C. § 1983

37. According to the 8th. Amendment to the United States Constitution "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." (As Amended)

38. The "MDOC" has promulgated rules, regulations, policies and procedures consistent with the above-aforementioned constitutional admonishments. <u>See</u> Departmental Policy Directive-03.03.130-"Humane Treatment & General Living Conditions--for Prisoners"

39. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal constitution or laws and must show that the deprivation was committed by a person acting under color of state law. <u>See</u> e.g., <u>West-v-Atkins</u>, 487 U.S. 42, 48; 108 S.Ct. 2250; 101 L.Ed.2d 40(1988); <u>Street-v-Corr. Corp. of Am.</u>, 102 F.3d 810, 814(6th. Cir. 1996).

40. Because § 1983 is a method for vindicating federal right, not a source of substantive rights itself, the first step in an action under § 1983, is to identify the specific constitutional right allegedly infringed. <u>See</u> e.g., <u>Albright-v-Oliver</u>, 510 U.S. 266, 271; 114 S.Ct. 807; 127 L.Ed.2d 114(1994).

41. Plaintiff hereby asserts that the Courts have recognized that prisoners have an Eighth Amendment right to be free from the retaliatory actions of correctional officials, for engaging within the grievance process(i.e. Protected conduct). <u>See</u> e.g., <u>Cale-v-Johnson</u>, 861 F.2d 943, 951(6th. Cir. 1988)(Allegation of false disciplinary charge in retaliation

for complaint about food stated a constitutional claim); See also Thaddeus-X-v-Blatter, 175 F.3d 368(C.A. 6, 1999).

42. As alleged within paragraphs 17 through 35, Defendants have engaged within a pattern and practice, in which can only be perceived as acts of reprisal for Plaintiff's engaging within the grievance process.

43. Defendants owed the Plaintiff a duty of ensuring that he had access to a meaningful method of 'exhausting administrative remedies" regarding aggrieved and unsatisfactory conditions of confinement. See Departmental Policy Directive-03.02.130; See also 42 U.S.C. ß 1997e(a).

44. Defendants, acting while under color of law, have by their own acts and omissions, conspired and/or acted within concert of each other to deprive the Plaintiff of access to Step II Grievance Appeal forms, in which has hindered, impeded and violated his First (Access to the Courts), and Eighth (Cruel and Unusual Punishment) procedural rights.

45. Thus, Plaintiff has suffered an unsurmountable amount of mental distress, insofar that he has been humiliated, and degraded, part and partial to his inability to seek redress, after being denied access to the necessary tools to do so. See e.g., Carey-v-Piphus, 430 U.S. 964; 97 S.Ct. 1642; 52 L.Ed.2d 355(1977)("Non-punitive damages for the injury which is inherent in the nature of the wrong are recoverable for a violation of the right to procedural due process...")

WHEREFORE it is for these reasons Plaintiff prays this Honorable Court to grant him compensory and punitive damages in regards to this instant claim at bar, as well as, any and all other relief the Court so deems necessary to rectify this matter.

COUNT-2
VIOLATION OF FEDERAL CIVIL RIGHTS
FOURTEENTH AMENDMENT
42 U.S.C. ß 1983

46. According to the Fourteenth Amendment to the United States Constitution "No State shall deprive any person of life, liberty, or property without due process of law." (In Pertinent Part)

47. The "MDOC" has promulgated rules, regulations, policies, and procedures consistent with the above-aforementioned constitutional admonishments. See Departmental Policy Directive-03.03.105-"Prisoner Discipline"; See also Administrative Rule-791.3310 through 791.3315.

48. As alleged within paragraphs 17 through 35, Defendants have conspired to and/or acted within concert of each other to deprive Plaintiff of his procedural due process procedural rights, privileges, and immunities, insofar that:

a. Defendants have failed and/or flat-cut refused to acknowledge and/or respond to repeated efforts of the Plaintiff to rectify and/or resolve grievable and unsatisfactory conditions of confinement;

b. Deprived him of real and actual personal property , i.e. Purchased book from Amazon.com, valued at over $100, regarding Self-Help Litigations, and without benefit of an administrative hearing. See e.g., Wolff-v-McDonnell, supra, 418 U.S.,ñ558; 94 S.Ct.,ñ2979-2980; 40 L.Ed.2d 935(1974)("...touchstone of due process is protection of the individual from arbitrary action of government.")

c. Then, when the Plaintiff sought redress via grievance of the above-stated unethical conditions, Defendants woefully subjected Plaintiff to a bias and unfair panoply within the procedural process, wherein all of his grievances were decided by departmental employees(i.e. Lt. Jones, Sgt. Moore, CPC Heard, et. als.), in favor of the employer(i.e. Department). See e.g.,

Ciechon-v-City of Chicago, 686 F.2d 511(1982)("No matter how complete the panoply of procedural devices which protect a practicular liberty or property interest, due process requires that those procedures be neutrally applied.")

49. Defendants owed Plaintiff a duty of due process within all administrative actions which may have resulted within disciplinary sanctions, and/or loss of personal property.

50. Defendants have, by their own acts and omissions, violated Plaintiff's procedural due process rights by subjecting him to repeated acts of reprisal, denying him access to Step II grievance forms, confiscation/theft of personal property, contrary to the rules, regulations, policies and procedures, in which govern the Defendants employment titles.

WHEREFORE it is for these reasons that Plaintiff prays this Honorable Court to grant him compensatory and punitive damages in regards to this instant case at bar, as well as, any and all other relief the Court so deems necessary to rectify this matter.

Respectfully submitted,

BY:______________________________

MR. JEROME M. HAILEY., MDOC No. 575198
PLAINTIFF-Acting In Pro Per.
Richard Handlon Correctional Facility
c/o 1728 West Bluewater Highway
Ionia, Michigan 48846

Date:____________, 2017.

Jerome M. Hailey #575198
Richard A. Handlon Correctional Facility
1728 W. Bluewater Hwy.
Ionia, Mi 48846

U.S. POSTAGE PITNEY BOWES
ZIP 48846 $ 001.82⁰
02 4W
0000344092 NOV 30 2017

U.S. Westren District Court of Michigan,
399 Federal Building
110 Michigan Ave NW
Grand Rapids, Mi 49507