UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JEROME MENDELL HAILEY,

         Plaintiff,                        Case No. 1:17-cv-1067

v.                                               Honorable Janet T. Neff

HEIDI WASHINGTON et al.,

         Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against all Defendants for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Defendants MDOC Director

Heidi Washington; MDOC Administrative Grievance Coordinator Richard Russell; MTU Warden DeWayne Burton; MTU Inspector Unknown Blackmon; MTU Grievance Coordinator N. Lake; MTU Assistant Resident Unit Supervisor Unknown Wenglikowski; MTU Lieutenant Unknown Jones; MTU Sergeants Unknown Whitiniger and Unknown Moore; MTU Corrections Officers Unknown Crawford and Unknown Smith; MTU CPC Unknown Heard, and MTU Qualified Mental Health Provider Doctor Unknown Cieply.

Plaintiff alleges that throughout the month of February, 2018, while assigned to a work detail, Plaintiff suffered constant harassment by Defendant Crawford in violation of MDOC policy requiring that prisoners be treated in a dignified and humane manner, and the state and federal constitutional prohibitions against cruel and unusual punishments. Plaintiff does not describe the nature of the harassment.

Plaintiff complained to Defendant Burton. Defendant Burton did not respond.

Plaintiff filed a Prison Rape Elimination Act grievance against Defendant Smith on May 28, 2017. Plaintiff does not describe the conduct that prompted his filing of the grievance. Plaintiff received no response until he contacted the sexual abuse hotline. Then, he was interviewed by Defendant Blackmon.

On an unknown date, Plaintiff cut his wrist due to the harassment, pressure, and degradation caused by Defendants Crawford and Smith. Plaintiff does not describe or explain the harassment, pressure, or degradation. He was charged $562.00 for treatment of the self-inflicted injury. On June 10, 2017, he filed a formal complaint.

Defendant Wenglikowski served as hearings officer, presumably on Plaintiff's formal complaint regarding the charges for the self-inflicted injury. Plaintiff claims Defendant Wenglikowski deprived Plaintiff of his equal protection and due process rights. Plaintiff does not

explain how Defendant Wenglikowski violated Plaintiff's equal protection or due process rights. He simply notes that Defendant Wenglikowski served a dual function: as Assistant Residential Unit Supervisor and as hearings officer.

On June 12, 2017, Plaintiff filed a complaint against Defendant Burton for failing to adhere to administrative rules.

On June 29, 2017, Plaintiff filed a step I grievance "to" Defendant N. Lake regarding Plaintiff's being prevented from exhausting his administrative remedies.

On August 3, 2017, Plaintiff received a mail notice that the facility had received a federal litigation manual ordered on Plaintiff's behalf. The book was stolen prior to being delivered. Plaintiff does not identify the thief, nor does he attribute the loss to any particular Defendant.

On August 7, 2017, Plaintiff started to notice that he was being subjected to acts of reprisal. Defendant Crawford allegedly retaliated against Plaintiff for Plaintiff's submission of a grievance against Trinity staff members. Plaintiff does not explain the nature of the reprisals or describe the acts of retaliation.

On September 18, 2017, Plaintiff filed a formal complaint that on August 31, 2017, Defendant Crawford made threats towards Plaintiff claiming that Crawford would have Plaintiff placed in segregation.

On September 28, 2017, Plaintiff submitted a direct grievance with the Inspector's Office regarding the retaliatory actions of Defendants Crawford and Smith. Again, Plaintiff does not describe the retaliatory acts.

On October 13, 2017, Defendants Crawford and Smith "collectively" issued a Class II Misconduct charge against Plaintiff. Plaintiff was ultimately found not guilty a week later.

Plaintiff does not explain the nature of the alleged misconduct or indicate that the charge was knowingly false.

On October 22, 2017, Plaintiff filed a complaint with the Inspector's Office regarding Defendant Lake's failure to forward a step II grievance form.

On October 30, 2017, Plaintiff was sexually harassed by Defendant Smith while Plaintiff was in Health Services. Plaintiff states that this was a pattern and practice. The Mental Health psychologist switched Plaintiff's medication line time to reduce interactions between Plaintiff and Smith. Plaintiff does not describe the nature of the sexual harassment.

Supervisory officer Defendant Whitiniger observed "said" abuse but turned a blind eye. Plaintiff does not describe the abuse. Defendant Whitiniger threatened to have Plaintiff placed in segregation.

Sergeant Moore was a biased reviewer of Plaintiff's grievance against Defendant Whitiniger, violating Plaintiff's due process rights.

Defendant Jones rubber-stamped Defendant Moore's review of Plaintiff's grievance against Defendant Whitiniger.

With that factual backdrop, Plaintiff complains that "Defendants have engaged within a pattern and practice, in which can only be perceived as acts of reprisal for Plaintiff's engaging within the grievance process." (Compl., ECF No. 1, PageID.10, ¶ 42.) Plaintiff claims such conduct violates the Eighth Amendment. Plaintiff claims he has suffered mental distress, humiliation, and degradation because he has been denied access to the grievance process.

Plaintiff also alleges that Defendants conspired to deny his due process rights by refusing to respond to complaints and grievances, depriving him of the litigation book, and

deciding his grievances unfairly. Plaintiff further complains that Defendants have violated his due process rights by subjecting him to acts of reprisal.

Plaintiff seeks compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff alleges that Defendants have violated his Eighth Amendment right to be free of cruel and unusual punishment and his Fourteenth Amendment right to due process. Moreover, Plaintiff's allegations of retaliation and reprisal implicate his First Amendment rights to seek redress of grievances and have access to the courts.

### III. Plaintiff fails to make any allegations against several Defendants (Defendants Washington, Russell, Heard, and Cieply)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in

6

the events leading to his injuries."); *see also Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even mention Defendants Washington, Russell, Heard, or Cieply in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

### IV. Plaintiff seeks to impose vicarious liability on other Defendants (Defendants Burton, Blackmon, Wenglikowski, Moore, and Jones)

A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *Street*, 102 F.3d at 818 (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). As the Sixth Circuit has repeatedly emphasized:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir.1998)).

With respect to Defendant Burton, Plaintiff alleges only that Plaintiff sent a complaint to Defendant Burton regarding Defendant Crawford and received no response (Compl., ECF No. 1, PageID.5, ¶ 21), and that Defendant Burton ignored Plaintiff's complaints

7

that others deprived Plaintiff of his administrative remedies (*Id.*, PageID.6, ¶ 25). With respect to Defendant Blackmon, Plaintiff alleges only that Defendant Blackmon interviewed Plaintiff after Plaintiff's PREA complaint against Defendant Smith (*Id.*, PageID.5, ¶ 22). With respect to Defendant Wenglikowski, Plaintiff alleges only that Defendant Wenglikowski did not remedy the allegedly wrongful charge for Plaintiff's self-inflicted injury (*Id.*, PageID.6, ¶ 24). With regard to Defendant Moore, Plaintiff alleges only that Defendant Moore failed to correct the wrongful conduct of Defendant Whitiniger upon review of Plaintiff's grievance regarding that conduct (*Id.*, PageID.8, ¶ 35). With respect to Defendant Jones, Plaintiff alleges only the Defendant Jones failed to correct Defendant Moore's failure to correct the wrongful conduct of Defendant Whitiniger upon review of Plaintiff's grievance regarding that conduct (*Id.*, PageID.8, ¶ 36).

Because Plaintiff has failed to allege active unconstitutional behavior by Defendants Burton, Blackmon, Wenglikowski, Moore, or Jones, Plaintiff has failed to state a claim against them.

> **V. Plaintiff has no constitutional right to an effective grievance remedy (Defendant Lake)**

Plaintiff's allegations against Defendant Lake, though related to grievances, do not seek to impose liability on Defendant Lake for Defendant Lake's failure to correct the wrongs of others through the grievance process. Rather, Plaintiff seeks to impose liability on Defendant Lake for depriving him of the grievance process described in the MDOC policy directives.[1] Although that may be a violation of the relevant policy directives, it is not a constitutional violation.

Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison

---

[1] It is possible that Plaintiff intended to allege the same sort of claim against Defendant Burton. Such a claim against Defendant Burton would fail in the same way Plaintiff's claim against Defendant Lake fails.

8

grievance procedure.  *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases).  Michigan law does not create a liberty interest in the grievance procedure.  *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).  Because Plaintiff has no liberty interest in the grievance process, Defendant Lake's conduct did not deprive him of due process.

Moreover, Defendant Lake's alleged failures to process Plaintiff's grievances have not barred Plaintiff from seeking a remedy for his grievances.  *See Cruz v. Beto*, 405 U.S. 319, 321 (1972).  "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact."  *Griffin v. Berghuis*, 563 F. App'x 411, 415-416 (6th Cir. 2014) (citing *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)).  Indeed, Plaintiff's ability to seek redress is underscored by his pro se invocation of the judicial process.  *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982).  Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim.  *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977).  The exhaustion requirement only mandates exhaustion of *available* administrative remedies.  *See*

9

42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-59 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470 (6th Cir. 2001). In light of the foregoing, the Court finds that Plaintiff fails to state a cognizable claim against Defendant Lake.

## VI. Harassment, pressure, and threats as cruel and unusual punishment (Defendants Crawford, Smith, and Whitiniger)

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80

(6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Allegations of verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. *Ivey*, 832 F.2d at 955. Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.* Even the occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. *See Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985).

Circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. March 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about

11

prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim). Some courts have held that even minor, isolated incidents of sexual touching coupled with offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g., Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320-21 (6th Cir. 2012) (two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson v. Madery,* 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer made a pass at him, squeezed his hand, touched his penis, called

him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).

Moreover, absent physical injury, a plaintiff's claim for emotional injuries is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id. See also Hardin-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008); *Taylor v. United States*, 161 F. App'x 483, 486-87 (6th Cir. 2007); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Plaintiff's allegations of harassment, pressure, and threats are simply too scant to evidence the requisite deliberate indifference to Plaintiff's health or safety. Plaintiff offers nothing more than the words harassment, pressure, degradations, and threats:

> "Plaintiff . . . suffered constant harassment by Defendant Crawford . . . ." (Compl., ECF No. 1, PageID.5, ¶ 20)
>
> "Plaintiff . . . cut his wrist due to the constant harassment, pressure and degradations suffered him by Defendant(s) Crawford and Smith." (*Id*., PageID.5, ¶ 23)
>
> "[On] August 31, 2017, . . . Defendant Crawford made threats towards Plaintiff . . . claiming that he . . . could have the Plaintiff placed within segregation." (*Id*., PageID.7, ¶ 29)
>
> "On the date of October 30, 2017, Plaintiff was sexually harassed . . ." (*Id*., PageID.8, ¶ 33)

Without more, Plaintiff's allegations against Defendants Crawford and Smith fail to state a claim.

Plaintiff's allegations against Defendant Whitiniger are based on Defendant Whitiniger's direct observation of, and acquiescence in, Defendant Smith's sexual harassment of

13

Plaintiff on October 30, 2017. If Plaintiff's allegations against Defendant Smith fail to state a claim, his allegations against Defendant Whitiniger fail to state a claim as well.

### VII. Harassment, pressure, and threats as retaliation (Defendants Crawford, Smith, and Whitiniger)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith*, 250 F.3d at 1037; *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). Thus, Plaintiff has alleged the necessary protected conduct.

Although the harassment, pressure, and threats alleged by Plaintiff do not suffice to state a claim for cruel and unusual punishment, they might still be sufficiently adverse to deter him from filing grievances. The adverseness inquiry is an objective one, and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original). A specific threat of harm may satisfy the adverse-action requirement if it would deter a person of ordinary firmness

from exercising his or her First Amendment rights, *see, e.g., Thaddeus-X*, 175 F.3d at 396, 398 (threat of physical harm); *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003) (threat to change drug test results). However, certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations. *Thaddeus-X*, 175 F.3d at 398; *Smith*, 78 F. App'x at 542. The *Thaddeus-X* court held that minor harassment is insufficient to constitute adverse action, because recognition of such a standard would "'trivialize the First Amendment.'" *Thaddeus* 175 F.3d at 398-99 (citing *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)).

Because Plaintiff's allegations regarding the harassment, pressure, and threats are so scant, it is difficult to assess whether those actions are sufficiently adverse. In this instance, however, even if Plaintiff's allegations suffice on the second element, they fail on the third.

Even though Plaintiff uses the terms retaliation and reprisal in his complaint, he does not adequately allege the causation element. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts to support his

conclusion that Defendants retaliated against him because he filed a grievance. Accordingly, his speculative allegations fail to state a First Amendment retaliation claim.

### VIII. Deprivation of the litigation manual without due process

Plaintiff does not identify which Defendant is liable for the deprivation of his litigation manual without due process of law. Nonetheless, Plaintiff is barred from presenting the claim against any Defendant by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984).

Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland*, 57 F.3d at 479-80; *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property

16

loss of less than $1,000 to the State Administrative Board. Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's due process claim relating to the litigation manual is properly dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims against all Defendants will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: January 9, 2018 /s/ Janet T. Neff
Janet T. Neff
United States District Judge