JEROME MENDELL HAILEY,

     Plaintiff,

                                               Case No. 1:17-cv-1067

v.

                                               HON. JANET T. NEFF

HEIDI WASHINGTON, et al.,

     Defendants.

_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants Crawford and Smith moved for summary judgment, arguing that Plaintiff failed to properly exhaust his administrative remedies. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending this Court deny the motion. The matter is presently before the Court on Defendants' objections to the Report and Recommendation, to which Plaintiff filed a response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge concluded that Defendants failed to meet their burden to demonstrate that Plaintiff did not properly exhaust his available administrative remedies (R&R, ECF No. 43 at PageID.299). Specifically, the Magistrate Judge found that there is a "genuine factual dispute whether the prison grievance process was actually available to Plaintiff" (*id.*). The Magistrate

Judge relied on Plaintiff's allegations of "threats of physical violence, sexual propositions, and threats of sanction" in his Amended Complaint, which the Magistrate Judge found was properly verified, allegations that the Magistrate Judge determined satisfied "any reasonable definition of 'intimidation'" (*id.* at PageID.297-299). *See Ross v. Blake*, __ U.S. ___; 136 S.Ct. 1850, 1858-60 (2016) (holding that a prisoner need not exhaust unavailable remedies and that "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," the remedy in question is unavailable for purposes of the PLRA).

In their objections, Defendants argue that there is no question of material fact as to whether the grievance system was available to Plaintiff where Plaintiff used the system "to grieve the purported underlying actions" (Objs., ECF No. 44 at PageID.305-306). However, the Magistrate Judge acknowledged Plaintiff's use of the grievance system, noting that Plaintiff failed to present evidence that he pursued his claims through all three steps (R&R, ECF No. 43 at PageID.297). Defendants' argument does not demonstrate that the Magistrate Judge erred in finding a question of fact about the system's availability.

Defendants also argue that "[t]he Magistrate Judge erred by not individually analyzing each claim against each defendant" (Objs., ECF No. 44 at PageID.301). Defendants point out that the Magistrate Judge misstated that Plaintiff's sexual harassment allegation is against Defendant Smith (R&R, ECF No. 43 at PageID.291), rather than against Defendant Crawford (Am. Compl., ECF No. 21 at PageID.95) (Objs., ECF No. 44 at PageID.301). While Defendants are correct that the Magistrate Judge inadvertently mixed up Defendants' names in the Background section of the Report and Recommendation, Defendants' argument does not demonstrate any error in the Magistrate Judge's exhaustion analysis or ultimate conclusion.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 44) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 43) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 34) is DENIED.

Dated: September 20, 2019

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge