UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME HAILEY #575198,

    Plaintiff,                                         Hon. Janet T. Neff

v.                                                    Case No. 1:17-cv-1067

HEIDI WASHINGTON, et al.,

    Defendants.

_____/

## ORDER

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 50), pursuant to which Plaintiff requests that the Court order Defendants to produce their entire employment files, as well as camera footage from the Richard A. Handlon Correctional Facility (MTU), where the alleged retaliatory conduct occurred. Defendants have filed a response, arguing that the motion should be denied. (ECF No. 51.) For the following reasons, the motion is **DENIED**.

As noted above, Plaintiff alleges that Defendants Crawford and Smith retaliated against him on various dates while he was housed at MTU. On October 14, 2019, Plaintiff served his second discovery request on Defendants. In that request, Plaintiff sought: (1) Defendants' employee files, "including complaints"; and (2) "[t]he facility's camera footage on each day allege [sic] in plaintiff's complaint." (ECF No. 51-3 at PageID.365.) Defendants served their response on November 5, 2019. (ECF No. 51-4.) As to the personnel files, Defendants objected on a number of grounds, including that their personnel files are not reasonably calculated to lead to discovery of relevant evidence; their employment files are not at issue in this case; the request is vague as to the term "complaints"; and the information in Defendants' files could pose a risk to

their safety and security, as well as to the safety and security of the facility. With regard to the video footage, Defendants objected that the request was overly broad and vague, such that Defendants could not determine the dates, times, and locations for which Plaintiff sought the footage. Defendants also objected that disclosure of the camera footage would prejudice the Michigan Department of Corrections' ability to maintain the physical security of its facility.

Initially, the Court notes that Plaintiff's motion is subject to denial on procedural grounds. That is, Plaintiff failed to comply with Local Civil Rule 7.1(b), which provides that "[a]ll discovery motions shall set forth verbatim, or have attached, the relevant discovery request and answer or objection." Plaintiff failed to attach both his requests and Defendants' response. Although the substance of Plaintiff's requests may be gleaned from his motion, Plaintiff failed to fully set forth the substance of Defendants' response and objections.

Because Defendants have filed both Plaintiff's discovery request and Defendants' response, the Court will address Plaintiff's motion on the merits. First, as to Defendants' personnel files, Fed. R. Civ. P. 26(b)(1) provides, in pertinent part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Defendants' objection that their personnel files are not relevant to Plaintiff's claims in this action is sustained. Plaintiff fails to explain in his motion why Defendants' personnel files are relevant to his retaliation claims, nor does he attempt to elaborate on what he means by "complaints." Plaintiff's failure to limit the scope of his request or to explain why the information sought is relevant to his claims requires that the motion be denied as to Defendants' personnel files.

As for Plaintiff's request for video footage, the request is overly broad and vague. "[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v.*

*Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)). Plaintiff cites numerous dates and incidents in his complaint; his request for video footage of all places on each day referred to in the amended complaint is too broad and vague to permit Defendants to locate video footage that is relevant to Plaintiff's claim.  As with his request for Defendants' personnel files, Plaintiff has made no effort to narrow the scope of his request in a manner that renders it more specific.[1]   Thus, this aspect of Plaintiff's motion must also be denied.

Plaintiff's motion for sanctions is therefore also denied.

**IT IS SO ORDERED**.

Dated: January 14, 2020                                          /s/ Sally J. Berens
                                                                 SALLY J. BERENS
                                                                 United States Magistrate Judge

---

[1] Because Plaintiff fails to provide specifics as to the video footage he seeks, the Court has no basis to assess whether Plaintiff's interest in production of the video footage outweighs the MDOC's interest in maintaining the security of its facility.  The Court also notes that the text of Plaintiff's motion does not follow from Page 1 to Page 2 (PageID.347-48), suggesting that Plaintiff may have omitted some portion of his motion in his submission to the Court.