UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME HAILEY #575198,

Plaintiff,

v

WILLIAM CRAWFORD and CARL SMITH,

Defendants.

NO. 1:17-cv-01067

HON. JANET T. NEFF

MAG. SALLY J. BERENS

---

Jerome Mendell Hailey #575198
*In Pro Per*
Earnest C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

Cori E. Barkman (P61470)
Kristie A. Sparks (P79177)
Attorney for MDOC Defendants
William Crawford & Carl Smith
Michigan Dep't of Attorney General
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
BarkmanC@michigan.gov
SparksDiakowK@michigan.gov

/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants, William Crawford and Carl Smith, by and through counsel, respond to Plaintiff's motion for summary judgment and respectfully request this Court deny Plaintiff's motion, grant Defendants summary judgment, and dismiss all claims against them, for the reasons set forth in their accompanying brief.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Kristie A. Sparks*

Cori E. Barkman
Kristie A. Sparks
Assistant Attorney General
Michigan Dep't of Attorney General
Attorney for Defendants
Crawford & Smith
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
BarkmanC@michigan.gov
SparksDiakowK@michigan.gov
P61470
P79177

Dated: March 12, 2020

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME HAILEY #575198,

Plaintiff,

v

WILLIAM CRAWFORD and CARL SMITH,

Defendants.

NO. 1:17-cv-01067

HON. JANET T. NEFF

MAG. SALLY J. BERENS

---

Jerome Mendell Hailey #575198
*In Pro Per*
Earnest C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

Cori E. Barkman (P61470)
Kristie A. Sparks (P79177)
Attorney for MDOC Defendants
William Crawford & Carl Smith
Michigan Dep't of Attorney General
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
BarkmanC@michigan.gov
SparksDiakowK@michigan.gov

/

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## CONCISE STATEMENT OF ISSUES PRESENTED

1. To succeed on a summary judgment motion, Plaintiff must present record evidence to establish no genuine issue of material fact remains. Here, Plaintiff fails to present record evidence in support of his motion. Should Plaintiff's motion be denied?

2. To succeed on a First Amendment retaliation claim, Plaintiff must demonstrate that he suffered an adverse action that was due at least in part to Plaintiff exercising protected conduct. Here, Plaintiff has failed to demonstrate Defendants actions were causally related to him filing grievances. Should Plaintiff's motion be denied?

3. Where Defendants have demonstrated a nonretaliatory basis for their alleged adverse actions, warranting summary judgment in their favor, should Plaintiff's motion be denied?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

*Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986);
*Anderson v. Liberty Lobby Co., Inc.*, 477 U.S. 242 (1986);
*Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999).

**STATEMENT OF FACTS**

Plaintiff, Jerome Hailey (Plaintiff), is a *pro se* prisoner currently confined in the Michigan Department of Corrections (MDOC) at Earnest Brooks Correctional Facility. Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 alleging Defendants, Corrections Officers Crawford and Smith, violated his First Amendment rights. (R. 21, Amend. Compl., ¶ 28, PageID.97.) At the time giving rise to the allegations in his complaint, Plaintiff was incarcerated at Richard Handlon Correctional Facility (MTU).

Plaintiff alleges Defendants retaliated against him over the course of one year, from February of 2017, until he transferred from MTU, in January of 2018. (R. 21, ¶ 27, PageID.97.) Plaintiff sues Defendant Crawford, alleging retaliation in the form of misconducts, threats, and forcing Plaintiff to lose his food services job, for filing grievances and complaints against Defendant Crawford and another MDOC employee. *See generally*, R. 21. Plaintiff sues Defendant Smith, alleging retaliation in the form of a misconduct and threats, for filing two Prison Rape Elimination Act (PREA) complaints against Defendant Smith. *Id.*

Before the Court is Plaintiff's motion for summary judgment pursuant to Fed. R. Civ. P. 56(a). (R. 58, Pltf's Mot. Summ. J., PageID.518-522.) Plaintiff field his motion without providing any supporting exhibits or documentation. *Id.* Defendants filed their motion for summary judgment, which also remains pending before this Court. (R. 56, Defs Brief in Supp. Mot. Summ. J., PageID.383-405.) Therefore, Defendants rely upon their statement of facts as outlined in that motion for purposes of the instant response. *See Id.* at PageID.385-91.

## STANDARD OF REVIEW

Rule 56(a) provides summary judgment is proper where "…the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Further, summary judgment is appropriate, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby Co., Inc.*, 477 U.S. 242 (1986).

"[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp v. Catrett*, 477 U.S. 317, 325 (1986). If the evidence provided in response by the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Action Auto Stores, Inc v. United Capitol Ins. Co.*, 845 F. Supp. 417, 419-20 (W.D. Mich., 1993). The non-moving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Barnhart v. Pickrel, Schaeffer, & Ebeling Co.*, 12 F. 3d 1382, 1389 (6th Cir. 1993).

## ARGUMENT

Plaintiff has the burden of proving all three elements of his retaliation claim. That is, Plaintiff must show, (1) he engaged in protected conduct; (2) an adverse action was taken against Plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two--that is, the adverse action was motivated at least in part by Plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff has failed to establish he is entitled to summary judgment regarding his First Amendment claim, and thus his motion must be denied, for the reasons stated below.

### I. Plaintiff's motion must be denied because Plaintiff fails to present admissible record evidence to establish a First Amendment violation.

Plaintiff argues he satisfies all three elements of his retaliation claim, by relying upon his statements in his complaint, without providing any exhibits to support his motion. *See generally*, R. 58. Summary judgment is proper where the moving party presents evidence on which the jury could reasonably find for that party. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."); and *Barnhart*, 12 F. 3d at 1389 (Non-moving party must present "affirmative evidence.") Moreoever, "[i]t is well established that statements appearing in a party's brief are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

Plaintiff argues he is entitled to judgment as a matter of law, but does not attach any exhibits, nor does he present any record evidence, to support his motion. (R. 58, PageID.519-521.) Plaintiff claims Defendants made threats, and statements regarding their alleged retaliatory actions, without any evidence to prove those statements were made. *Id*. at PageID.518-521. As such, Plaintiff fails to present evidence upon which the fact finder could reasonably find in his favor, simply because he fails to present any evidence to support his statements. *See generally*, R. 58.

Additionally, Plaintiff relies upon his amended complaint and supplemental exhibits, which contain his own self-serving allegations, to demonstrate he is entitled to summary judgment. (R. 58, PageID.520-21.) While Plaintiff's complaint may be considered in evaluating a summary judgment motion, the moving party of a motion for summary judgment carries the burden of proof and as such "'faces a substantially higher hurdle.'" *Taylor v. Kimmel*, No. 1:17-CV-1084, 2019 WL 5273944, *2 (W.D. Mich. Jan. 7, 2019), report and recommendation adopted, 2019 WL 4200108 (W.D. Mich. Sept. 5, 2019), quoting *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Thus, Plaintiff's "'showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.'" *Taylor*, 2019 WL 5273944 at *2, quoting *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Plaintiff "'must show the record contains evidence … so powerful that no reasonable jury would be free to disbelieve it.'" *Id*. quoting, *Arnett*, 281 F.3d at 561.

Here, the supplemental evidence presented with Plaintiff's amended complaint, comprises several versions of Plaintiff's own statements, contained within grievances, letters and other documents. (R. 29, Pltf's Supp. Exs., PageID.114-44.) This evidence taken on its own, is not "powerful" enough such that "no reasonable jury would be free to disbelieve it." *Calderone*, 799 F.2d at 259. Instead, the evidence as presented, merely serves as a re-statement of Plaintiff's characterization of events, absent any other objective supportive documentation, to lead one to conclude Plaintiff demonstrates a First Amendment violation. R. 29, PageID.114-25.) Moreoever, the misconducts included in Plaintiff's supplemental exhibits, also do not lead to the conclusion that Plaintiff must be awarded summary judgment, since they show Plaintiff was issued misconducts for his violations of MDOC policies. *Id.* at PageID.126-44. Therefore, Plaintiff's motion must be denied because Plaintiff has failed to demonstrate he is entitled to judgment as a matter of law.

## II. Plaintiff's motion for summary judgment must be denied because Plaintiff fails to satisfy the causal connection element of his claim.

Plaintiff argues the adverse acts he experienced are causally related to the grievances he filed because of the statements made by Defendants, the statements of Defendants' supervisors, and the timing of the misconducts, all in relation to the grievances he filed. (R. 58, PageID.520-21.) Assuming this Court finds Plaintiff presented record evidence to support his motion, Plaintiff is still not entitled to summary judgment, because he does no6t establish the causal connection of his claim.

To satisfy the causal connection element of a retaliation claim, a plaintiff "must produce enough evidence of a retaliatory motive such that a reasonable juror could conclude that the [adverse action] would not have occurred but for his engagement in protected activity." *Eckerman v. Tennessee Dep't of Safety*, 636 F.3d 202, 209 (6th Cir. 2010). That is, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendants' alleged retaliatory conduct. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1977). Further, it is well-settled that "[w]ithout more, . . . conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). A plaintiff must couple temporal proximity with other factual allegations to successfully demonstrate a retaliatory motive. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008).

As stated in Defendants' motion for summary judgment, Plaintiff relies upon a chronology of events, from when he filed grievances, to when he alleges the actions of Defendants ensued, to establish a causal connection in his retaliation claim. R. 56, PageID.396-99 and *see Eckerman*, 636 F.3d at 209. Plaintiff does not provide any evidence to demonstrate that the actions of Defendants were a means of retaliation, as opposed to acts that simply followed in time after grievances were filed by Plaintiff. *Id*. and *see Smith*, 250 F.3d at 1038. Plaintiff does not couple these allegations with other facts. *Id*. and *see Mickey*, 516 F.3d at 525. Instead, Plaintiff speculates on how Defendants knew of Plaintiff's protected conduct and

relies upon hearsay statements of other prisoners to establish his claims. (R. 56, PageID.397-98.) This is not enough to show the actions of Defendants were in any way motivated by Plaintiff's alleged protected conduct. Therefore, Plaintiff's motion for summary judgment must be denied, because Plaintiff fails to establish the causal element of his retaliation claim.

**III. Defendants have demonstrated a nonretaliatory basis for their alleged adverse actions such that Plaintiff's motion must be denied, and summary judgment should enter in Defendants favor.**

A defendant is entitled to summary judgment if he demonstrates that he "would have taken the same action even without the protected activity." *Thomas v. Eby,* 481 F.3d 434, 441-42 (6th Cir. 2007). "If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Thaddeus-X,* 175 F.3d at 399. Furthermore, there is no genuine dispute if one party's version of the facts is blatantly contradicted by objective evidence in the record. *See Scott v. Harris*, 550 U.S. 372, 378-81 (2007) (where a party's version of the facts is blatantly contradicted by the record so that no reasonable jury could believe it, the Court should not adopt that version when ruling on a motion for summary judgment).

As previously stated in their motion for summary judgment, in addition to affidavits, Defendants presented record evidence to demonstrate a nonretaliatory basis for issuing Plaintiff misconducts. (R. 56, PageID.399-402, R. 59, Aff. of Defs, PageID.524-32.) Regarding Defendant Crawford, he issued Plaintiff misconducts for being out of place based on policy, when Plaintiff failed to appear for his food

service job on 8 occasions. *Id*. at PageID.399-400. And so, just as Defendant Crawford issued Plaintiff misconducts for being out of place, he also issued Plaintiff a misconduct for interference of rules when Plaintiff violated MDOC policy, by failing to comply with his loss of privileges sanction. *Id*. at PageID.400-01. Moreoever, Defendant Crawford wrote Plaintiff a misconduct when Plaintiff disobeyed a direct order in violation of prison policy, by failing to return to health care after being instructed to do so. *Id*. at PageID.401.

With respect to Defendant Smith, he issued Plaintiff a misconduct when Plaintiff failed to appear at the medication window to receive scheduled medication. *Id*. at PageID.401-02. Failing to appear was a violation of MDOC policy. *Id*. And, although, Plaintiff was ultimately found not guilty, this was based on a technicality, wherein Defendant Smith was unaware Plaintiff had permission from another officer to miss taking his medication. *Id*.

Therefore, since Defendants presented record evidence to demonstrate a nonretaliatory basis for issuing Plaintiff misconducts, Plaintiff cannot prevail in his motion for summary judgment. Thus, Plaintiff's motion must be denied.

## CONCLUSION AND REQUESTED RELIEF

In "qualified-immunity case[s]," the Sixth Circuit "assume[s] the truth of all *record-supported* allegations by the non-movant." *Bays v. Montmorency Cty.*, 874 F.3d 264, 268 (6th Cir. 2017) (emphasis added). For these reasons, and those stated in their brief for summary judgment, the record evidence shows that Plaintiff's First Amendment rights were not violated, Defendants are entitled to

qualified immunity and summary judgment should enter in their favor.

Therefore, Plaintiff's motion for summary judgment must be denied.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Kristie A. Sparks*
Cori E. Barkman
Kristie A. Sparks
Assistant Attorney General
Michigan Dep't of Attorney General
Attorney for Defs Crawford & Smith
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
BarkmanC@michigan.gov
SparksDiakowK@michigan.gov
P61470
P79177

Dated: March 12, 2020

**CERTIFICATE OF COMPLIANCE**

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Local Civil Procedure Rule 7.2(b)(1), because, excluding the part of the document exempted by Local Civil Procedure Rule 7.2(b)(1), this brief contains no more than 10,800 words. This document contains approximately 2,267 words.

2. This document complies with the typeface requirements of Local Civil Procedure Rules and the type-style requirements of Local Civil Procedure Rules because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 12-point Century Schoolbook.

*/s/ Kristie A. Sparks*
Kristie A. Sparks
Assistant Attorney General
Attorney for Defendants

Dated: March 12, 2020

**CERTIFICATE OF SERVICE (E-FILE)**

I hereby certify that on March 12, 2020 I electronically filed *Defendant's Response in Opposition and Brief in Support of their Response to Plaintiff's Motion for Summary Judgment and Certificate of Compliance with Word Count* together with this *Certificate of Service* with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record and a hard copy of *same* as placed in First-Class Mail, postage paid, fully addressed as follows:

Jerome Mendell Hailey #575198
Earnest C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

Magistrate Judge Sally J. Berens
664 Federal Bldg
110 Michigan St NW
Grand Rapids MI 49503

*/s/ Kristie A. Sparks*
Kristie A. Sparks
Assistant Attorney General
Attorney for Defendants