UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME HAILEY,

      Plaintiff,

                                           Case No. 1:17-cv-1067

v.

                                           HON. JANET T. NEFF

HEIDI WASHINGTON, et al.,

      Defendants.

_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving an alleged retaliatory-conduct claim against Defendants. Plaintiff and Defendants filed cross-motions for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court deny Plaintiff's motion and grant in part and deny in part Defendants' motion. The matter is presently before the Court on Defendants' objections to the Report and Recommendation. Additionally, Plaintiff has filed an appeal from a January 14, 2020 pretrial order of the Magistrate Judge. The Court denies the objections, denies the appeal, and issues this Opinion and Order.

### I.      Defendants' Objections

Defendants present three objections to the Magistrate Judge's Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.

First, Defendants argue that the Magistrate Judge erred in determining that Plaintiff was engaged in protected conduct (Objs., ECF No. 70 at PageID.585-590).  However, as the Magistrate Judge stated in the Report and Recommendation, "Defendants concede for purposes of their motion that Plaintiff engaged in protected conduct by filing grievances and complaints and speaking with various MDOC personnel" (R&R, ECF No. 64 at PageID.564).  *See* Defs.' Br., ECF No. 56 at PageID.394 ("[F]or purposes of this summary judgment motion only, Defendants do not contest Plaintiff engaged in protected conduct by filing grievances, complaints and speaking with various MDOC personnel.").  Defendants' current assertion to the contrary does not demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion in the Report and Recommendation.  Therefore, the first objection is denied.

Second, Defendants argue that the Magistrate Judge erred in determining that Plaintiff suffered an adverse action (Objs., ECF No. 70 at PageID.590).  According to Defendants, Plaintiff did not suffer any adverse action from the alleged threat to place Plaintiff in segregation because "…mere threats, standing alone, do not rise to the level of a constitutional violation" (*id.* at PageID.593).  Defendants fail to differentiate the alleged facts in this case from those in *Hill*, where the Sixth Circuit noted that "…even a threat of a transfer to more restrictive housing can constitute adverse action" (R&R, ECF No. 64 at PageID.565, quoting *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010)).  Therefore, the second objection is denied because Defendants do not demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Third, Defendants argue that the Magistrate Judge erred in finding a causal connection between the protected conduct and the adverse action (Obj., ECF No. 70 at PageID.594).  Defendants argue that alleged statements made to Plaintiff "…on August 7, or in April do not provide a causal connection for a statement at the end of August threatening to put Plaintiff in

segregation" (*id.* at PageID.595).  However, as the Magistrate Judge observed, temporal proximity between protected conduct and an official's adverse conduct "may be significant enough to constitute indirect evidence of a causal connection" (R&R, ECF No. 64 at PageID.566, quoting *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (internal quotation marks omitted)). The Magistrate Judge properly analyzed the factual and legal support for Defendants' claim, and Defendants' objection does not demonstrate any error in the Magistrate Judge's analysis or ultimate conclusion that summary judgment on this claim was precluded.  Therefore, the third objection is denied.  Having denied the objections, the Court will adopt the Report and Recommendation as the Opinion of the Court.

## II.      Plaintiff's Appeal from the Magistrate Judge's Order

In her January 14, 2020 Order (ECF No. 52), the Magistrate Judge resolved Plaintiff's motion to compel certain discovery from Defendants (ECF No. 50).  This Court will reverse an order of a magistrate judge only where it is shown that the decision is "clearly erroneous or contrary to law" 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a).

In his discovery request, Plaintiff sought: (1) Defendants' "employee files, including complaints"; and (2) "[t]he facility's camera footage on each day allege[d] in plaintiff's complaint" (ECF No. 51-3 at PageID.365).  The Magistrate Judge determined that "Plaintiff's failure to limit the scope of his request or to explain why the information sought is relevant to his claims requires that the motion be denied as to Defendants' personnel files" (Order, ECF No. 52 at PageID.374). As for Plaintiff's request for video footage, the Magistrate Judge denied that request for being "…overly broad and vague" (*id.*).

To the extent that the issue has not been rendered moot by this Court's adoption of the Magistrate Judge's recommendation to grant in part and deny in part Defendants' motion for

summary judgement, Plaintiff's appeal is properly denied for lack of merit. Plaintiff argues that he is "…being totally discriminated against by being prevented to conduct and complete his discovery" (ECF No. 54 at PageID.378). Plaintiff's argument demonstrates only his disagreement with the Magistrate Judge's resolutions of his discovery requests, not that the Order was either clearly erroneous or contrary to law. Accordingly, this Court denies Plaintiff's appeal.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 70) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 64) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 55) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation. Specifically, the Court grants summary judgment on Plaintiff's claim against Defendant Smith, and Defendant Smith is TERMINATED. The Court denies summary judgment on Plaintiff's claim against Defendant Crawford but limits the claim to Plaintiff's allegation that Defendant Crawford threatened to place Plaintiff in segregation. Plaintiff's official-capacity claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgement (ECF No. 58) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's appeal (ECF No. 54) from the Magistrate Judge's Order (ECF No. 52) is DENIED.

Dated: September 2, 2020

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge